UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>- v -<br><br>STAN GREENBERG, et al.,<br><br>                    Defendants. | Case No. 1:13 CR 268<br><br>(1:13 CR 268-JMF-5) |

# DEFENDANT'S RESPONSE TO THE GOVERNMENT MEMORANDUM IN AID OF SENTENCING ON BEHALF OF STAN GREENBERG

Roger K. Marion, Esq.
Marion & Allen, P.C.
*Attorneys for Defendant Stan Greenberg*
425 Park Avenue, 5th Floor
New York, New York 10022
(212) 754-9400

**ROGER K. MARION, ESQ.**     425 Park Avenue, Fifth Floor, New York, New York 10022
**Marion & Allen, P.C.**                                              Telephone: (212) 754-9400

February 24, 2014

<u>VIA ECF</u>

The Honorable Jesse M. Furman, U.S.D.J.
United States District Court, S.D.N.Y.
40 Foley Square
New York, New York, 10007

    Re:    <u>U.S.A. v. Stan Greenberg</u>, Case No. 1:13 CR 268

Dear Judge Furman:

    We represent defendant Stan Greenberg in the above action, and respectfully submit this memorandum in response to the Government's submission filed on February 20, 2014 to clarify the record prior to Mr. Greenberg's sentencing on February 27, 2014.

    I do not believe that the Government had any intent to misinform the Court. However, there are ambiguities in the phrasing that require both clarification, and a separation of speculation from fact. Relevant conduct should be limited to facts, not theories.

    The first paragraph of the Government's "Offense Conduct" section is an overarching recitation of their theory of the overarching matter, it does not refer to Greenberg's specific acts other than those allocuted. Notably, instead of facts, it cites to the Probation PSR, which merely quoted the initial allegations without any independent investigation.

    The second paragraph seems at first glance to imply some incorrect conclusions. To be clear, no allegation exists that Greenberg was a part of the alleged Illya Trincher organization. Though Greenberg, working for Titan, properly processed payments to its owners - he had no knowledge of HMS Sports and no personal connection with HMS Sports. Titan, by all evidence was a real plumbing company fulfilling real plumbing contracts for major legitimate clients for example, I believe one client was an entire college. Greenberg was an employee, not an owner,

1

making a salary. The Government's second paragraph fuzzy on that point, potentially creating undue implications.

The Government also quotes an amount of money made by Greenberg from Titan but makes it seem like ill-gotten gains rather than 21 months of ordinary salary for his work. Then he was fired, and replaced by another person, like any ordinary employee. Greenberg's paystubs also show that the salary did not even go fully to Greenberg, but most of the money went directly to his ex-wife and did not even enter Greenberg's account.

The Government further categorizes all of S&T's deals as laundering and claim that Greenberg laundered a "few million dollars" in their theory. However, S&T Capital had real loans to private individuals at a legitimate interest rate and real investments in real estate, including a gas station. I do not believe that the Government disputes that. It was not just some front, and all of its activities should not be regarded as money laundering.

Finally, the government states that Defendant at one time had a higher income, but fails to point out the collapse of that income and loss of Greenberg's assets in his divorce, and thus failed to draw an accurate picture for the Court. Greenberg did not get rich, was not a leader, organizer or mastermind, and had an extraordinarily minor part on the periphery of this action.

## CONCLUSION

Based on the foregoing, and all of the circumstances of this action and Mr. Greenberg, including his personal history and all of the letters submitted on behalf of Mr. Greenberg, we respectfully submit that a non-custodial sentence of 'time served' is sufficient and appropriate to comply with the letter and goals of 18 U.S.C. 3553(a) and the *Gall* and *Kimbrough* standards.

Thank you for your consideration of this matter.

Respectfully submitted,

_____
Roger K. Marion